C/M

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD E. LEVENTHAL,<br><br>                      Plaintiff,<br><br>-against-<br><br>COLUMBIA UNIVERSITY, BRETT DIGNAM, ZAL SHROFF, CITY OF NEW YORK, GENEVIEVE NELSON, WILLIAMS OATES, JAMEL MARSALIS, MORNINGSIDE HEIGHTS LEGAL SERVICES, INC., and UNKNOWN REGENTS AND DIRECTORS,<br><br>                      Defendants. | **DECISION AND ORDER**<br><br>17 Civ. 5388 (BMC)(LB) |

**COGAN**, District Judge.

      Plaintiff Howard Leventhal, currently incarcerated in the Federal Prison Camp in Duluth, Minnesota, brings this *pro se* action, seeking a declaratory judgment holding that New York Judiciary Law § 478 is unconstitutional as applied to him and injunctive relief by way of an asset freeze of the settlement defendant Jamel Marsalis received from the City of New York. He seeks this relief so that he may enforce an agreement he made with Marsalis when they were both incarcerated at the Metropolitan Detention Center in Brooklyn, whereby Marsalis promised Leventhal ten percent of his settlement, or $50,000, whichever is greater, if Leventhal drafts his legal papers, *i.e.*, a purported contingency fee for Leventhal's jailhouse lawyer services.

      The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 for the purpose of this Order and dismisses the complaint for the following reasons.

## BACKGROUND

      Plaintiff has already pressed these claims when he attempted to intervene in Marsalis's original action for damages. Therefore, a more complete background of the entire saga is found

on the docket for <u>Marsalis v. Captain Reed</u>, 14 Civ. 5080 (SLT)(CLP), ECF Nos. 134 and 137. The Court only repeats what is necessary to the resolution of this complaint.

In August 2014, Marsalis commenced a civil rights action alleging that certain corrections officers assaulted him while he was incarcerated on Rikers Island. Marsalis proceeded *pro se* until mid-October 2016, when Brett Dignam of Morningside Heights Legal Services, Inc. ("MHLS"), a legal clinic operated by the Columbia University School of Law, filed a notice of appearance on his behalf. About six months later, the action settled, and the parties filed a stipulation and order of dismissal on March 31, 2017.

In mid-May 2017, Leventhal sought to reopen the Marsalis case pursuant Rule 60(b)(3) of the Federal Rules of Civil Procedure and to intervene in the action pursuant to Rule 24(b)(2). In the alternative, Leventhal sought an order directing the Clerk of Court to accept for filing a civil complaint, which Leventhal included, against the defendants in the instant action. Leventhal, who is not an attorney, argued that he had assisted Marsalis, his fellow inmate, with his litigation both prior to and after the appearance of MHLS. Leventhal and Marsalis had allegedly entered into an agreement in which Marsalis agreed to pay Leventhal ten percent of the money he recovered from the litigation or $50,000, whichever was greater. Alleging that Marsalis's action settled for $2,750,000, Leventhal sought to intervene, seeking $275,000 in "actual damages," plus punitive damages of $875,000.

Judge Townes referred Leventhal's motions to Judge Pollak for a Report and Recommendation ("R&R"). Judge Pollak issued her R&R, recommending that Judge Townes deny Leventhal's motions because neither Rule 60 nor Rule 24 provided permissible bases to reopen the case and permit Leventhal's intervention.

Leventhal objected, stating, *inter alia*, that he had requested the alternative relief of the Clerk filing his proposed complaint as a new case. Judge Townes reviewed Judge Pollak's R&R *de novo* in light of Leventhal's objection. Judge Townes declined to direct the Clerk of Court to file Leventhal's proposed complaint as a new action, but also noted that nothing about her Order prohibited Leventhal from filing his proposed complaint on his own, which he now has.

## DISCUSSION

The Prisoner Litigation Reform Act ("PLRA") requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915A(b)(1); see also Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but in fact mandatory). Similarly, pursuant to the *in forma pauperis* statute, the Court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints are "to be liberally construed," Ahlers v.

3

Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012), and interpreted "to raise the strongest arguments that they suggest," Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996).

Leventhal's arguments for attacking the constitutionality of New York Judiciary Law § 478 are frivolous and fail to state a claim. New York Judiciary Law § 478 makes it "unlawful for any natural person to practice . . . as an attorney-at-law or as an attorney and counselor-at-law for a person other than himself or herself in a court of record in this state . . . without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state, and without having taken the constitutional oath." N.Y. Judiciary Law § 478. Under this statute, the practice of law includes the giving of legal advice and preparing legal instruments, especially pleadings. See Spivak v. Sachs, 16 N.Y.2d 163, 166, 263 N.Y.S.2d 953, 955 (1965).

Further, "[i]t is well-settled in New York that as a matter of public policy, a contract to provide services in violation of [Judiciary Law § 478] is unenforceable." Servidone Const. Corp. v. St. Paul Fire & Marine Ins, Co., 911 F. Supp. 560, 576 (N.D.N.Y. 1995) (internal quotation marks and brackets omitted). Cf. Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.") Lattanzio v. COMTA, 481 F.3d 137, 139 (2d Cir. 2007) (holding that although federal law affords parties a statutory right to "plead and conduct their own cases," that statute does not permit "unlicensed laymen to represent anyone else other than themselves." (internal quotation marks omitted)).

Thus, because it is well-settled that Leventhal has no basis to enforce his purported agreement with Marsalis, Leventhal's only course of action is to attack § 478 itself, but his claims are entirely frivolous. Leventhal argues that § 478 is unconstitutional because it deprives him of property without due process of law in violation of the Fifth and Fourteenth Amendments

4

and because it violates the Commerce Clause of the Constitution as "it derogates the right of federal prisoners, who move with great fluidity while in custody from one U.S. state to another," to contract regarding "the acquisition of legal support services." These arguments fail, and they fail for many reasons apiece, but I need only discuss a few. In the first instance, Leventhal has no property right to money when his putative entitlement is based on an unenforceable and illegal agreement. Second, although Leventhal recognizes the need to plead an interstate element, there is actually no interstate conduct at issue – Leventhal and Marsalis allegedly contracted in New York and whatever "services" Leventhal rendered, he rendered them in New York, making the conduct a purely New York concern. New York has made such conduct illegal, and nothing about this law is unconstitutional. To the contrary, it preserves the integrity of the legal profession by ensuring that litigants are represented only by licensed and duly admitted attorneys. Accordingly, Leventhal's complaint is dismissed.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed for failure to state a claim. See 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B). The Court has considered whether to grant plaintiff further leave to amend his complaint and determines that amendment here would be futile. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (finding leave to replead futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

The Clerk is directed to enter judgment, dismissing the complaint. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good

faith, and therefore *in forma pauperis* status is denied for purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

                                                U.S.D.J.

Dated:  Brooklyn, New York
        September 18, 2017