UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Leventhal            )
                     )
v.                   )   Case No
                     )   17 cv 5388
Columbia Univ., et al )  (BMC)(LB)
                     )

To: Unknown Regents,              NOTICE OF FILING
Columbia University,              City of New York,
Morningside Hts Legal Srcs, Inc., Genevieve Nelson,
Brett Dignam, Zol Shroff,         Kevin Oates
Jamel Notsalis + Unknown Directors c/o Corp. Counsel City of New York
435 W. 116th St                   100 Church St Rm 3-21
New York, NY 10027                New York, NY 10007

    Please take notice that on this date I filed the attached and enclosed

Motion to Reconsider and For Leave to Amend Complaint in this matter.

                                  PLAINTIFF PRO SE

                                  /s/ Howard Leventhal          Oct 1, 2017
                                  Howard Leventhal              Date

CERTIFICATE OF SERVICE

    Under penalty of perjury I do hereby certify that I filed the above and
attached with the Clerk in this matter, with true and correct copies to all of
parties as indicated above, by depositing same in U.S. postal mail, addressed
to Clerk of Court, 225 Cadman Plaza East, Brooklyn, NY 11201. Further it is my
understanding that all of the parties will receive copies of same via this
court's ECF system in due course.

                                  /s/ Howard Leventhal          10/1/2017
                                  Howard Leventhal

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Leventhal ) | |
| ) | |
| v. ) | Case No. |
| ) | 17 cv 5388 |
| Columbia University, et al ) | (BMC) (LB) |

MOTION TO RECONSIDER AND FOR LEAVE TO AMEND COMPLAINT

NOW COMES PLAINTIFF Howard E. Leventhal, a non-attorney acting pro se, hereby respectfully submitting this Motion to Reconsider this Court's Decision and Order in this matter entered 9/18/17 under FRCP Rule 59(a)(1)(B) or other applicable law, and for leave to amend the original complaint in this matter. In support of this motion, Leventhal states as follows:

1) On 9/18/17 this court entered its Decision and Order dismissing this case and complaint for failure to state a claim. For purposes of this motion Plaintiff respectfully requests that this court take judicial notice of the post-settlement proceedings in Marsalis v Reed, Case No. 14-cv-5080 (SLT) (CLP) and the facts alleged in Leventhal's motion to intervene in that case as well as in proceedings which took place subsequently to Leventhal's motion to intervene, as well as the original complaint in this matter.

2) The bases for this Court's dismissal of this instant matter are principally that New York law, N.Y. Judiciary Law §478 renders the contract between Marsalis and Leventhal for legal services "unenforceable" because Leventhal is not a licensed attorney and although the Defendants hereto have unambiguously acknowledged that services were provided as agreed, there is no legal basis upon which to enforce the contract between Marsalis and Leventhal, see Decision and Order, page 4, final paragraph, leading into page 5.

3)   Page 5 goes on to allege that while Leventhal applied to the Court for relief in the form of striking down 478 as unconstitutional, a need exists, according to the Court, to "preserve the integrity of the legal profession" yet it would seem that this need eclipses the right that helpless, indigent prison inmates who have been victimized in a gratuitously violent manner as Marsalis was victimized by Captain Reed and his subordinates at Riker's Island - to vindicate their right to not be tortured in prison.

4)   Jamel Marsalis, as reprehensible and offensive an offender as ever darkened any court, is also mentally retarded, according to a medical report that he handed Leventhal written by a qualified prison psychiatrist. It would seem from this Court's position in this case that allowing prison staff to get away with torturing mentally retarded prison inmates is only wrong when a licensed attorney gets a fee. Otherwise such behavior is perfectly acceptable, at least according to this court. An alternative pathway to ensuring that the most minimum modicum of constitutional protection for such inmates must be illuminated. One way to illuminate such a pathway is through the doctrine of quantum meruit.

5)   "Plaintiffs may plead unjust enrichment, also known as quantum meruit, as an alternative theory of liability in the event contract is found to be unenforceable" as in this instant case, see Caren v. Collins, 2016 US Dist LEXIS 130078, Sept 23, 2016, 2d Cir. An alternative theory of liability is allowable in federal civil lawsuits, see St John's Univ. N.Y. v Bolton, 757 F Supp 2d 144, 183, EDNY 2010. "At the pleading stage, Plaintiff is not required to guess whether it will be successful in its contract tort or quasi-contract claims" as it may be that "no valid contract exists or that the

breaches alleged by Plaintiff were not breaches of duties governed by the contract", see Tropical Sails v. Yext, 2015 US Dist LEXIS 64722, 2d Cir 2015.

6) Doctrine of quantum meruit applies because it "allows a plaintiff to recover even where an express contract ... is unenforceable or abrogated because it enforces the enriched party's promise to pay for benefits conveyed by the Plaintiff", see El Attia Architects v. Safra, 1995 US Dist Lexis 15102 (SDNY 1995) and Waldman v Englishtown Sportswear, 92 AD 2d 833, 836, 400 NYS 2s 552 (1st Dep't 1983). In their responsive pleadings after Leventhal filed his motion to re-open Marsalis v. Reed, the defendants in this instant matter including Marsalis acknowledged that the services for which Marsalis promised to pay Leventhal were delivered and were delivered well and skillfully; witness the settlement agreement which no party disagrees would never have taken effect without Leventhal's intercession. Marsalis received (or is staged to receive) a large amount of money that will change his childrens' lives, if nothing else. Presumably it is foreseeable that with the money paid or to be paid to Marsalis, his children, rather than follow in his foot steps as an incorrigibly violent and destructive gang banger - will or may be off-ramped instead to attending college and making themselves into useful and productive law-abiding citizens. It is uncontroverted and uncontrovertible that without Leventhal's actions, the case could not possibly have been brought to the conclusion it was brought. Leventhal, or rather the minor child for which he is responsible financially as well as the others to whom Leventhal is indebted by order of this Court, deserve to benefit by honest work performed for honest and pro-social reasons in the way Leventhal worked to produce the settlement for Marsalis. The imaginary theoretical lawyer who did not get a fee here has or should have very little to say about a case, it seems almost certain, that no lawyer would have taken under the same circumstances that Leventhal provided the subject services.

7) Lastly this Court is well familiar, extraordinarily familiar with the Plaintiff hereunder Howard Leventhal. There should be no question in this court's mind that Leventhal is capable of performing the subject work or that Leventhal would be willing to undertake the subject work. There is no question here of whether or not value was provided by Howard Leventhal to all of these Defendants and to this court as well. Leventhal took an incoherent conundrum, reinterpreted it into legal English and repackaged it into a form that was obviously cognizeable by this Court, given the executed settlement. No dispute exists on these points. Moreover not only were the Defendants well-served by Leventhal in the subject expended work, this court benefitted as well. Judge Townes and Magistrate Judge Pollak should rightfully be proud that they were able to preside over at least a modest instance of remediation of all the abuses so abundantly documented which take place at Riker's.

NOW THEREFORE for the above states causes, Plaintiff Leventhal respectfully prays for orders of this court as follows:

1) Plaintiff Leventhal is given leave of the Court to amend his complaint in this matter, post-judgment; and

2) Such amended complaint shall be based on the doctrine of quantum meruit or unjust enrichment; and

3) Decision and Order dated 9/18/17 is vacated; and

4) Clerk is ordered to re-open this matter; and

5) Any other fit and proper relief that this Court deems fit.

RESPECTFULLY SUBMITTED,
Plaintiff pro se

Howard E. Leventhal            10/1/17
Reg No 46376-424               Date
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814

Page 4 of 4